UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MARIE SHULTZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:26-cv-00043-CDB<br><br>ORDER DIRECTING PLAINTIFF TO FILE SIGNED COMPLAINT AND HOLDING IN ABEYANCE MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Docs. 1, 2)<br><br>**21-DAY DEADLINE** |

Plaintiff Susan Marie Shultz ("Plaintiff") initiated this action with the filing of a complaint on January 6, 2026. (Doc. 1). That same day, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2).

**Background**

In her complaint, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment against Defendants the County of Kern, Lorelei Oviatt, Kern County Community Development, Kern County Sheriff's Department, Flood Ministries, and High Desert Women's Shelter. *Id.* at 1. Plaintiff's allegations are somewhat difficult to parse. Insofar as the Court can discern, Plaintiff asserts that she was removed from her housing as a result of the County of Kern addressing environmental and building code violations at her place of residence, and designated as "homeless" without notice or opportunity to contest the designation. She was thereafter denied housing and housing-related assistance due to Defendants' "reliance on assumptions rather than

1  providing process or verification." Defendants' "ongoing failure to provide procedural safeguards,
2  correct records, or otherwise ensure Plaintiff's access to housing constitutes violation of Plaintiff's
3  Fourteenth Amendment rights." Plaintiff states that these deprivations establish municipal liability
4  under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because they were caused by
5  official policy or custom. *Id.* at 2-3.

6  Plaintiff attaches to her complaint a "Chronology of Harm / Timeline" and what appear to
7  be truncated copies of email exchanges between her and Defendant Oviatt and other employees of
8  the County of Kern. *See id.* at 4-12.

9  **Discussion**

10  The Court notes that Plaintiff's complaint is unsigned. *See* (Doc. 1). Under the Federal
11  Rules of Civil Procedure, every pleading must be signed either by an attorney or a party if the party
12  is unrepresented. Fed. R. Civ. P. 11(a). Similarly, this Court's Local Rule 131(b) requires that
13  "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that
14  party is appearing in propria persona." Local Rule 131(b). The Local Rules define a signature as
15  a handwritten signature on a paper document or an electronic signature on an electronically-filed
16  document. Local Rule 100. This Court must strike an unsigned pleading unless the deficiency is
17  promptly corrected after notice to the party. Fed. R. Civ. P. 11(a).

18  Thus, as Plaintiff's complaint is unsigned, the Court must strike it unless Plaintiff corrects
19  the deficiency. Accordingly, the Court will direct Plaintiff to file a signed copy of her complaint
20  and hold in abeyance her motion to proceed *in forma pauperis* (Doc. 2) until her signed complaint
21  is filed.

23  *Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that, **within 21 days of the date of service of this Order**, Plaintiff SHALL file a signed copy of the complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure and Local Rules 100 and 131(b).

**Any failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss the entire action without prejudice.**

IT IS SO ORDERED.

Dated:   **January 8, 2026**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE