UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MARIE SHULTZ, | Case No. 1:26-cv-00043-CDB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | |
| | (Doc. 3) |
| | **21-DAY DEADLINE** |
| | <u>Clerk of the Court to Assign District Judge</u> |

I.      **Background**

Plaintiff Susan Marie Shultz ("Plaintiff") initiated this action with the filing of a complaint on January 6, 2026.  (Doc. 1).  That same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP").  (Doc. 2).

In her complaint, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment against Defendants the County of Kern, Lorelei Oviatt, Kern County Community Development, Kern County Sheriff's Department, Flood Ministries, and High Desert Women's Shelter.  *Id.* at 1.

On January 8, 2026, the Court issued an order noting that Plaintiff's complaint was unsigned

and directing Plaintiff to file a signed complaint.  (Doc. 3).  In the order, the Court admonished Plaintiff that "**[a]ny failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss the entire action without prejudice**." *Id.* at 3 (emphasis in original) (citing Fed. R. Civ. P. 11(a) and Local Rules 100 & 131(b)).

Plaintiff has not filed a signed complaint and the time to do so has expired.

**II.    Governing Law and Analysis**

Under the Federal Rules of Civil Procedure, every pleading must be signed either by an attorney or a party if the party is unrepresented.  Fed. R. Civ. P. 11(a).  Similarly, this Court's Local Rule 131(b) requires that "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that party is appearing in propria persona."  Local Rule 131(b).  The Local Rules define a signature as a handwritten signature on a paper document or an electronic signature on an electronically-filed document.  Local Rule 100.  This Court must strike an unsigned pleading unless the deficiency is promptly corrected after notice to the party.  Fed. R. Civ. P. 11(a).

Here, the Court notified Plaintiff that her complaint was unsigned and directed her to file a signed complaint.  *See* (Doc. 3).  Plaintiff failed to do so by the deadline set forth in the Court's order.  Because the complaint is not signed by Plaintiff and she has not promptly corrected the deficiency after being provided notice, the Court must strike it from the record.  Fed. R. Civ. P. 11(a).

A pro se plaintiff must comply with orders of the court.  Local Rule ("L.R.") 183.  Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules.  L.R. 110, 183.  The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action.  *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases

on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this case by filing a signed complaint, thereby delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* Here, Plaintiff's failure to file a signed complaint, despite court order, is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with the Court's orders and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's pro se status and IFP application, monetary sanctions would be of little efficacy. Moreover, at the early stage of these proceedings, the preclusion of evidence or witnesses is not appropriate. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik,* 963 F.2d at 1262. Here, Plaintiff has been warned that failure

3

to obey this Court's orders will result in a recommendation that this action be dismissed. (Doc. 3 at 3). Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's orders, this factor does not, therefore, weigh completely against dismissal.

After weighing these factors, the undersigned finds that dismissal without prejudice is appropriate.

### III.    Conclusion and Recommendation

The Clerk of the Court is directed to randomly assign a District Judge.

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's complaint (Doc. 1) is STRICKEN.

And it is HEREBY RECOMMENDED that:

1.    This action be dismissed without prejudice for Plaintiff's failure to comply with the Court's orders and failure to prosecute this action; and

2.    The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **February 5, 2026**

UNITED STATES MAGISTRATE JUDGE